IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-950-FL

| | |
|---|---|
| TINA M. CONDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 15, DE 17). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court grant plaintiff's motion, deny defendant's motion, and remand to defendant for further consideration or award of benefits. Defendant timely filed objections to the M&R, and the issues raised are ripe for ruling. For reasons noted, the court rejects the M&R, denies plaintiff's motion, and grants defendant's motion.

## BACKGROUND

On October 5, 2012, plaintiff protectively filed applications for disabled widow's benefits and supplemental security income, eventually alleging disability beginning October 5, 2012.[1] The claims were denied initially and upon reconsideration. Plaintiff requested hearing before an administrative law judge ("ALJ"), who, after hearing held June 12, 2015, denied plaintiff's claims

---

[1] In a statement dated May 11, 2015, plaintiff amended her alleged onset date from July 1, 1998 to October 5, 2012. (Tr. at 192).

by decision entered July 6, 2015. The Appeals Council denied plaintiff's request for review on November 21, 2016, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed this action seeking judicial review.

**DISCUSSION**

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

2

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). If the ALJ finds that plaintiff hs not been working (step one) or that plaintiff 's medical impairments do not meet the severity and duration requirements of the regulations (step two), the process ends with a

3

finding of "not disabled." Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 5, 2012. At step two, the ALJ found that plaintiff had the following medically determinable impairments: depressive disorder, anxiety disorder, and residual pain from disc fractures. However, also at step two, the ALJ found that the severity requirement was not satisfied:

> The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 404.1521 et seq. and 416.921 et seq.).

(Tr. at 14). The ALJ accordingly concluded that plaintiff was not disabled.

B. Analysis

1. Obesity

The magistrate judge recommended the case be remanded for further proceedings because the ALJ failed to discuss plaintiff's obesity. Defendant objects, arguing that the ALJ did not commit reversible error because plaintiff failed to meet her burden of "providing medical evidence to show how her obesity exacerbated her other impairments, or interacted with them, to render her incapable of work activities." (DE 20 at 2). Defendant additionally argues that the ALJ stated she reviewed the entire record in which no medical providers expressed an opinion that plaintiff's obesity impaired or limited her abilities, thus if the ALJ's erred, it was harmless. (Id. at 5).

4

Social Security Ruling 02-1p provides in general terms that if a claimant is obese, the obesity must be considered at each step of the sequential analysis after the first step. See Soc. Sec. Ruling 02-lp, 2000 WL 628049, at *3 ¶ 3 (12 Sept. 2002). A determination of obesity may be based on the calculation of a person's body mass index or BMI, with a threshold for obesity set at 30.0. See id. at *2 ¶ 1. An ALJ's determination that a claimant is obese may be based on a diagnosis of obesity by a treating source or consultative examiner or, in the absence of a diagnosis, on the ALJ's own judgment about the presence of obesity based on the medical findings and other evidence of record. Id. at *3 ¶ 4. In addition, a claimant will be deemed to have obesity "as long as his or her weight or BMI shows essentially a consistent pattern of obesity." Id. at *4 ¶ 4 (footnote omitted). Obesity is considered a "severe" impairment, as with any other medical condition, when "alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." Id. at *4 ¶ 6.

Although Social Security Ruling 02-1p requires the ALJ to consider obesity at step two of the sequential analysis, the court finds that the ALJ's failure to do so does not require remand in this instance. Here, the record evidence indicates plaintiff is obese but neither plaintiff nor plaintiff's medical records provide evidence or opinion as to whether plaintiff's obesity impaired or limited her abilities.[2] See McLamb v. Astrue, No. 5:08-CV-305-FL, 2009 WL 2046062, at *11 (E.D.N.C. July 14, 2009) ("The ALJ has a duty to evaluate the intensity and persistence of a claimant's

---

[2] The magistrate judge thoroughly summarized the record evidence indicating that plaintiff was obese during the amended alleged period of disability, October 5, 2012 through July 6, 2015, including evidence indicating at times during this period plaintiff's weight fell below her threshold for obesity as calculated by her BMI. (See DE 19 at 7-8). Defendant admits that "medical evidence indicates that Plaintiff was overweight or obese at various points." (DE 20 at 3).

5

symptoms . . . . However, that duty does not extend to conjecture as to what the impact of those symptoms may be. Rather, the claimant has the burden of furnishing evidence supporting the existence of a condition and the effect of that condition on her ability to work on a sustained basis."). Without any evidence in the record to support a finding that plaintiff's obesity exacerbated or imposed any limitations on her abilities, there is no way to demonstrate plaintiff was prejudiced by the ALJ's failure to include obesity in the analysis. Consequently, any error, if there was an error, in failing to analyze plaintiff's obesity in step two was harmless.

2. Severe Impairments

Because the magistrate judge found the ALJ's handling of obesity dispositive, the magistrate judge did not address plaintiff's additional arguments that the ALJ erred in finding that plaintiff does not have any severe psychiatric or physical impairments. The court will now turn to these arguments.

An impairment is non-severe when it causes no significant limitations in the plaintiff's ability to work. 20 C.F.R. §§ 404.1521(a), 416.921(a). "[A]n impairment can be considered as 'not severe' only if it is a <u>slight abnormality</u> which has such a <u>minimal</u> effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." <u>Evans v. Heckler</u>, 734 F.2d 1012, 1014 (4th Cir. 1984) (citing <u>Brady v. Heckler</u>, 724 F.2d 914, 920 (11th Cir. 1984) (emphasis in original). Additionally, an impairment must last, or be expected to last for a continuous period of at least 12 months to be considered "severe." 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). Plaintiff bears the burden of proving that her impairments are severe. <u>Pass</u>, 65 F.3d at 1203.

6

Here, substantial evidence supports the ALJ's conclusion that plaintiff's impairments, her depressive disorder, anxiety disorder, and residual pain from disc fractures, were non-severe.[3]

    a.    Psychiatric Impairments

Plaintiff alleges a disability onset date of October 5, 2012, citing depressive and anxiety disorders. When asked about her depressive and anxiety disorders starting in 2012, plaintiff testified that she went to a mental health clinic and received medication which improved, and still improves, her symptoms. (Tr. at 31-32). The medical evidence supports plaintiff's testimony. Plaintiff sought mental health treatment at Waynesboro Mental Health clinic ("WMHC") in August 2011, where she was diagnosed with a mood and anxiety disorder. As stated by the ALJ:

> Over the next year, she had very little treatment for her mental health symptoms, missed multiple follow up appointments at WMHC, and admitted that she had not been taking her medication (Zoloft and Abilify) on a consistent basis. Despite this lack of follow through, by August 2012, two months prior to her amended alleged onset date, the claimant admitted that she was no longer experiencing extreme depressive symptoms and was able to "manage the mild symptom" without the use of medication.

(Tr. at 15).

Following plaintiff's alleged onset date, psychiatric records are sparse. Plaintiff had an individual therapy visit in November 2012. (Tr. at 383). A year later, plaintiff reported to her primary care provider that she has anxiety and history of depression, but admitted that she was not longer taking medication or receiving mental health treatment. (Tr. at 347.) Plaintiff returned to treatment for two sessions in March and April 2015, where it was noted that plaintiff suffers from

---

[3] Plaintiff also argues that the ALJ failed to address plaintiff's asthma, foot fracture, and arthritis in the step two discussion of severe impairments or anywhere else in the decision, but offers no further argument or evidence as to this issue. (DE 16 at 6). As already discussed related specifically to plaintiff's obesity, plaintiff does not and has not argued, nor can the court find in the medical record support, that these impairments in any way limits plaintiff's ability to perform work. The presence of an impairment is not enough to provide disability. See Gross, 785 F.2d at 1166.

7

"severe anxiety," is "significantly" depressed, and has "very, very low energy," but also that plaintiff is not on any medications and that medication is recommended. (Tr. at 359-360, 369, 372, 377, 383). No further treatment thereafter is documented in the record.

The ALJ additionally followed the "special technique" set forth in 20 C.F.R. § 404.1520a for evaluating the severity of mental impairments, first finding that plaintiff has no limitation in activities of daily living. (Tr. at 16). As the ALJ noted, plaintiff was independent in self-care, prepared three meals a day, cleaned, tended to house plants and a garden, drove, took care of three dogs and three cats, went to church and the gym, and provided personal care to her ailing father. (Id.). Second, the ALJ found that plaintiff had no more than mild limitations in the area of social functioning, in that plaintiff admitted that she has friends, played cards with others, went to the gym and church, and met with a social group once a week. (Id.). Third, the ALJ found that plaintiff had no more than a mild limitation in the area of concentration, persistence, or pace, noting plaintiff alleges that her ability to pay attention for long periods depends on her mood and the record show plaintiff has received little treatment for her mood disorders since her alleged onset date. (Id.). The ALJ further noted that "it appears her mood, and thus her ability to concentrate, have remained stable," citing to record evidence that plaintiff is able to drive, play cards, and take care of her ailing father, activities that require a higher level of attention and concentration. (Id.). Finally, the ALJ found no episodes of decompensation which have been extended in duration. (Id.).

Plaintiff's argues that the ALJ erred in finding that plaintiff does not have severe impairments regarding her depressive and anxiety order. However, "[i]f a symptom can be reasonably controlled by medication or treatment, it not disabling." Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir.1986). Additionally, "[i]n order to get benefits, [claimant] must follow

8

treatment prescribed by [claimant's] physician if this treatment can restore [claimant's] ability to work." 20 C.F.R. § 404.1530. Here, substantial evidence supports the ALJ's finding that "claimant has had very little treatment since her amended alleged onset date, had good response when she was compliant with treatment, and was ultimately able to 'manage the mild symptoms' without the use of medication." (Tr. at 17).

Plaintiff additionally argues the ALJ erred in giving little weight to Dr. Asha Kohli's opinion, a state medical consultant, offered on March 7, 2012, that plaintiff may have difficulty tolerating the stress and pressure associated with day-to-day work activity due to her depression and that plaintiff had a global assessment functioning score of 55, indicating she was experiencing moderate symptoms. (Tr. at 285-88). However, as pointed out by the ALJ, this evaluation occurred seven months before plaintiff's alleged onset date, and the ALJ gave little weight to this opinion due to when it was rendered, because the opinion was "vague and not couched in vocationally relevant terms," and because the opinion was undercut by later evidence from August 2012, which showed plaintiff no longer experiencing extreme depressive symptoms and able to "manage the mild symptoms" without the use of medication. (Tr. at 17). The court further notes that the state agency psychological consultants both found that plaintiff had no severe mental impairments, opinions with the ALJ gave great weight to, as consistent with the record evidence. (Id.).

The ALJ listed the weight assigned to Dr. Kohli's opinion and gave specific reasons for discounting this opinion. The court's duty is to determine if substantial evidence supports the ALJ's conclusion, not to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [Commissioner]." Craig, 76 F.3d at 589. Substantial evidence in the record

9

supported the decision to assign "little weight" to this opinion, and substantial evidence supports the ALJ's determination that plaintiff's depressive and anxiety disorders are non-severe.

      b.      Physical Impairments

Likewise, substantial evidence supports the ALJ's determination that plaintiff's residual pain from disc fractures is non-severe. Plaintiff points to no evidence that currently her residual pain from disc fractures has more than a minimal impact on her ability to work. Instead, plaintiff's testimony and medical evidence support the ALJ's finding that, from the time plaintiff was in the accident that caused her neck and back injury, until the time of plaintiff's hearing before the ALJ on June 12, 2015, plaintiff recovered such that her injuries no longer has more than minimal effect on her ability to work. See 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii) (an impairment must last, or be expected to last for a continuous period of at least 12 months to be considered "severe").

Following her accident and after missing a follow-up appointment with her neurosurgeon, plaintiff

> presented to her primary care physician, with complaints of pain. She was prescribed ibuprofen and Tramadol, and encouraged to follow up with the Greenville Spine Center, but it does not appear the claimant did so. She did undergo imaging the follow month, which no longer showed evidence of the C7 and Tl transverse fractures. By December 2014, the claimant was not wearing her brace. She reported that she was doing well with regard to her back impairment and was gradually increasing her activities. During her last primary care visit in February 2015, for an unrelated matter, the claimant reported that her pain level was much reduced, and her prescription for Traniadol was decreased from 90 per month to only 30 per month.

(Tr. at 11). Additionally, plaintiff testified that she also is trying "to exercise now. I go to a gym now. I got a bicycle. I'm riding a bicycle to get my back muscles strong again, and getting out in the air helps." (Tr. at 31-32). Plaintiff also testified she is a full-time care taker for her father and can

10

ride a bike or walk for thirty minutes and sit in a chair for about ninety minutes before needing a break. (Tr. at 29, 36-37).

In sum, the court finds that plaintiff failed to provide evidence to contradict the ALJ's conclusion that plaintiff's depressive disorder, anxiety disorder, and residual pain from disc fractures were not an impairments "which significantly limits [her] physical or mental ability to do basic work activities," as required by 20 C.F.R. §§ 404.1520(c), 416.920(c). Accordingly, the ALJ's findings that plaintiff's impairments were non-severe are supported by substantial evidence.

## CONCLUSION

Based on the foregoing, and upon de novo review of the administrative record, the court rejects the findings, analysis, and recommendation in the M&R. Plaintiff's motion for judgment on the pleadings (DE 15) is DENIED, defendant's motion for judgment on the pleadings (DE 17) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED this the 29th day of March, 2018.

LOUISE W. FLANAGAN
United States District Judge